■ JUNETTE SUMMERS, Doing Business as MY LADY'S FLORIST, Appellant, v DALE STEGINK, Respondent.—Appeal from an order of the County Court of Ulster County, entered February 5, 1980, which conditionally granted a motion to dismiss the plaintiff's complaint. The County Court granted the motion herein upon findings that the defendant had commenced an action in Supreme Court prior to the commencement of the action herein and that both actions involved the same subject matter. It should be noted that inasmuch as the condition imposed for dismissal preserves the right of the plaintiff to pursue her alleged cause of action there is no prejudice to her. Upon this appeal, the plaintiff contends that the County Court erred as to which action was first commenced because as a matter of law and fact the defendant's action was not *commenced* by the service of a summons with notice because the notice was defective. In particular, it is alleged that the notice recited in the summons is inadequate to comply with the 1978 amendment of CPLR 305 (subd [b]), which inserted the requirement that the summons state the "nature" of the action (L 1978, ch 528, § 1). The notice provision of the summons specifies the transactions forming the basis of the action and states that a money judgment in the sum of $21,079, with appropriate interest and costs, is sought. The assertion that the summons is defective for lack of a proper notice has no merit. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.